# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR JONES, )<br><br>Plaintiff )<br><br>v. )<br><br>SOUTHWEST CREDIT SYSTEMS, )<br>L.P., )<br><br>Defendant ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

BLAIR JONES ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant has an office and conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.   Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19124.

6.   Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

7.   Plaintiff is a "person" with standing to bring this suit pursuant to 15 U.S.C. §1692k(a).

8.   Defendant is a debt collection company with its headquarters located at 4120 International Pkwy, Ste. 1100, Carrollton, TX 75007.

9.   Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

10.   At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) for another person.

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

12.    Upon information and belief, Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.    Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions that were related to a Comcast cable debt.

14.    Beginning in early to mid-January 2016 and continuing through February 2016, Defendant repeatedly called Plaintiff on his cellular telephone in its attempts to collect a debt.

15.    Defendant made these calls from the following phone number: (855) 748-6719 and (215) 586-4198. The undersigned has since confirmed that this number belongs to Defendant.

16.    During this time Defendant placed calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded messages.

3

17.    Plaintiff knew Defendant was using an automatic telephone dialing system and/or artificial or pre-recorded message because calls began with a prerecorded message before he was transferred to a live caller.

18.    Defendant's calls were not for emergency purposes.

19.    When speaking to a live caller, Plaintiff would routinely state that he was unemployed, unable to make any payments, and to stop calling him.

20.    Defendant heard and acknowledged this request.

21.    However, Defendant did not remove Plaintiff's cellular telephone number from its database and continued to call Plaintiff in its attempts to collect this alleged debt.

22.    These repeated and continuous phone calls were aggravating and annoying, especially after Plaintiff told Defendant to stop calling him.

23.    Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

24.    Lastly, in its attempts to collect the debt, Defendant failed to send Plaintiff written correspondence, within five (5) days of its initial communication with him, advising him of his rights to dispute the debt and/or to request verification of the debt.

1

2

**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

3

**COUNT I**

4

25.   Defendant's conduct, detailed in the preceding paragraphs, violated 15

5

U.S.C. §§ 1692d and 1692d(5).

6

7

a.   Section 1692d of the FDCPA prohibits debt collectors from

8

engaging in any conduct the natural consequence of which is to

9

harass, oppress, or abuse any person in connection with the

10

collection of a debt.

11

12

b.   Section 1692d(5) of the FDCPA prohibits debt collectors from

13

causing a telephone to ring or engaging any person in telephone

14

conversation repeatedly or continuously with intent to annoy,

15

abuse, or harass any person at the called number.

16

17

c.   Here, Defendant violated §§ 1692d and 1692d(5) of the

18

FDCPA when it called Plaintiff's cellular telephone repeatedly

19

and continued to call knowing its calls were unwanted.

20

**COUNT II**

21

22

26.   Defendant's conduct, detailed in the preceding paragraphs, violated 15

23

U.S.C. § 1692g(a).

24

a.   A debt collector violates § 1692g(a) of the FDCPA by failing to

25

send to the consumer, within five days after its initial

5

communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.   Here, Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing

him with the name of the original creditor and the amount of the debt.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT III

27.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28.    Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

29.    The calls were made using an artificial or pre-recorded voice.

30.    Defendant's calls to Plaintiff were not made for emergency purposes.

31.    Plaintiff verbally revoked any prior consent he may have given to Defendant to call his cellular telephone.

32.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

7

34.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BLAIR JONES, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and 15 U.S.C. §1692k(a)(1),

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3)

d.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i.      Any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, BLAIR JONES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:      02/02/17                    By: <u>/s/ Amy L. B. Ginsburg</u>
                                       Amy L. B. Ginsburg, Esq.
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888
                                       Fax: (877) 788-2864
                                       Email: aginsburg@creditlaw.com

9