IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLAIR JONES,

        Plaintiff,

v.

SOUTHWEST CREDIT SYSTEMS, L.P.,

        Defendant.

CIVIL ACTION
NO. 17-487

**OPINION**

**Slomsky, J.**                                                                                                                            July 12, 2018

## I. INTRODUCTION

Before the Court is a Petition filed by Plaintiff Blair Jones for an award of attorney's fees and costs in the amount of $12,964.50, pursuant to 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), a federal law enacted to protect consumers from abusive and unfair debt collection practices. (Doc. No. 29 ¶ 5.) The FDCPA is a fee-shifting statute; section 1692k(a)(3) allows a prevailing party to recover costs and attorney's fees in addition to damages.[1]

---

[1] Section 1692k(a)(3) provides in relevant part:

    (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of—

                \*      \*      \*

    (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section

1

Defendant Southwest Credit Systems, L.P. challenges the Petition, arguing that Plaintiff should either be awarded no attorney's fees or a reduced amount. (Doc. No. 31 ¶ 4.) Plaintiff responds that because he prevailed on a FDCPA claim, he is entitled to the full amount of attorney's fees and costs.[2] (Doc. No. 33 at 5.) Further, Plaintiff argues that his counsel exercised proper billing judgment, and therefore the amount requested is reasonable. (Id. at 9.) For the reasons stated below, the Court will grant the fee petition in part, awarding a modified amount of $6,605.[3]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2017, Plaintiff Blair Jones filed a Complaint against Defendant Southwest Credit Systems, L.P., alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and three sections of the FDCPA, 15 U.S.C. §§ 1692d, 1692d(5), and 1692g(a).[4] (Doc. No. 1 ¶¶ 25-34.) Plaintiff alleged that Defendant repeatedly harassed him

---

was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

[2] Plaintiff initially brought four claims: one claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and three claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692d(5), and 1692g(a). (Doc. No. 1.) In response to Defendant's Summary Judgment Motion (Doc. No. 14.), Plaintiff withdrew the TCPA claim. (Doc. No. 16.) The three FDCPA claims proceeded to arbitration, where Plaintiff prevailed only on the § 1692d claim. Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

[3] In reaching a decision, the Court has considered the Arbitration Award (Doc. No. 27), Plaintiff's Petition for Attorney's Fees (Doc. No. 29), Defendant's Response to Plaintiff's Petition (Doc. No. 31), and Plaintiff's Reply to Defendant's Response (Doc. No. 33).

[4] As noted, on September 14, 2017, Plaintiff withdrew the TCPA claim (Doc. No. 16) after Defendant filed a Motion for Summary Judgment (Doc. No. 14) and proceeded solely on the three FDCPA claims.

through telephone calls regarding collection of a debt.[5] (Id.) On November 9, 2017, this Court referred the case to arbitration. (Doc. No. 24.) On November 30, 2017, a panel of three arbitrators found in favor of Plaintiff only on the § 1692d claim and awarded Plaintiff $750 in statutory damages plus reasonable attorney's fees. (Doc. No. 27.)

On December 18, 2017, Plaintiff filed the instant Petition for Attorney's Fees. (Doc. No. 29.) Plaintiff requests $12,964.50 in attorney's fees and costs, asserting that, as the prevailing party, he is entitled to this award under 15 U.S.C. § 1692k(a)(3), a fee-shifting statute. (Id. at 1.) He argues that the actual time expended—not the amount of recovery—dictates the award of attorney's fees and costs under the FDCPA. (Doc. No. 29-1 at 6.) The fee Petition states that Plaintiff's counsel and staff spent on this case 48.2 hours, from February 22, 2016, the date of counsel's initial interview with Plaintiff, to December 14, 2017, the date that counsel prepared the current fee Petition. (Doc. No. 29-3.) Plaintiff asserts that the time expended and the hourly rates of counsel and staff are reasonable. Thus, according to Plaintiff, $12,964.50 in attorney's fees should be awarded. (Doc. No. 29-1.)

On January 8, 2018, Defendant filed its Response to Plaintiff's fee Petition. (Doc. No. 31.) Defendant argues that the $750 in statutory damages awarded by the arbitration panel constitute nominal damages, rendering Plaintiff's victory as technical or de minimis.[6] (Id. ¶ 11.) Thus, according to Defendant, Plaintiff is not entitled to any attorney's fees and only $470 in

---

[5] In February 2016, Plaintiff owed Comcast, a cable and Internet services provider, $163.44. Comcast assigned the debt to Defendant, a debt collection company. During that month, Defendant placed ten telephone calls to Plaintiff in an attempt to collect the debt. (Doc. No. 16.)

[6] Trifling, negligible; (of a fact or thing) so insignificant that a court may overlook it in deciding an issue or case." De minimis, Black's Law Dictionary (10th ed. 2014).

costs.[7] (Id.) Alternatively, Defendant argues that if the Court finds that Plaintiff is entitled to attorney's fees, any award to Plaintiff should be reduced because the amount requested by Plaintiff is unreasonable. (Id. ¶ 12.)

In this regard, Defendant contends that Plaintiff failed to exercise proper billing judgment by including costs for administrative and clerical work and by failing to segregate work done on the prevailing FDCPA claim from the three unsuccessful claims. (Id. ¶¶ 21, 22.) Furthermore, Defendant argues that the 48.2 hours Plaintiff billed was an unreasonable amount of time spent "on a case that resulted in no more than a single, de minimis violation out of all claims asserted." (Id. ¶ 32.) Defendant offers two alternative amounts: $2,104[8] or $2,090.57,[9] which it agrees would be a proper award if the Court did not find its argument meritorious that no fee should be awarded. (Id. ¶ 39.)

On January 15, 2018, Plaintiff filed his Reply to Defendant's Response. (Doc. No. 33.) Plaintiff asserts that because the FDCPA and TCPA claims stemmed from the same nucleus of facts, the work billed by counsel was necessary for the single, prevailing FDCPA claim. (Id. at 6-7.) Due to the integrated nature of the claims and the work completed, Plaintiff submits that a reduction in fees based on the lack of segregation is neither necessary nor appropriate. (Id.)

---

[7] The $470 in costs comprises a $400 fee to file the Complaint and $70 to make service. (Doc. No. 29-1 at 3.)

[8] Defendant calculates the $2,104 by deducting $8,954 from $12,964.50 for billing entries that do not segregate tasks related to the § 1692d claim from the other three claims and $742.50 for entries that bill based on clerical or administrative tasks. Defendant then reduces the remaining amount by 50% for "lack of billing judgment and reasonableness." Defendant adds $470 in costs to arrive at the balance.

[9] Defendant calculates the $2,090.57 by reducing the $12,964.50 by 75% due to Plaintiff's lack of success on three of his four claims. Defendant then reduces the remaining amount by 50% for "lack of billing judgment and reasonableness." Defendant adds $470 in costs to arrive at the balance.

4

Additionally, Plaintiff asserts that counsel exercised billing judgment by providing an itemized, descriptive bill that properly included the work of counsel and counsel's staff. (Id. at 8-9.)

**III. ANALYSIS**

To award a plaintiff attorney's fees and costs under a fee-shifting statute, the Court conducts a two-step inquiry. Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1184 (3d Cir. 1995). First, the party seeking the award must be deemed a "prevailing party." Id. Second, any fees awarded must be "reasonable," meaning they "are the product of the hours reasonably expended and the applicable hourly rate for the legal services." Id. at 1185 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

**A. Plaintiff Is the Prevailing Party Because He Was Awarded Damages Based on the Merits of His § 1692d Claim**

Courts define "prevailing party" broadly. To become a "prevailing party" and cross the threshold for statutory fee-shifting, a plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley, 461 U.S. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)); see also Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) ("In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Defendant contends that Plaintiff is not the prevailing party because his victory is technical or de minimis and his damages are nominal. The Court finds these arguments unpersuasive. Although Plaintiff only succeeded on one of his three FDCPA claims, he is considered a prevailing party for the purposes of § 1692k(a)(3).

First, Plaintiff's victory is not technical or de minimis. In Nelson v. Select Financial Services, Inc., the court held that the plaintiff's victory was "neither de minimis nor technical"

because she demonstrated on summary judgment that the defendant had violated provisions of the FDCPA. No. 05-3473, 2006 WL 1672889, at *3 n.5 (E.D. Pa. June 9, 2006). Here, the arbitrators determined that Defendant violated § 1692d of the FDCPA. (Doc. No. 27.) Therefore, Plaintiff's victory is neither technical nor de minimis.

Second, Plaintiff's damages are not nominal. In Hensley v. Berks Credit & Collections, the court held that the plaintiff was the prevailing party under the FDCPA although she only succeeded on two of her three claims at arbitration and did not receive the full amount of damages available. No. 97-790, 1997 WL 725367, at *4 n.8 (E.D. Pa. Nov. 18, 1997). Here, the arbitrators awarded Plaintiff $750 in statutory damages out of the maximum $1,000 possible award he could have received under 15 U.S.C. § 1692k(a)(1). (Doc. No. 27.) This award is an enforceable judgment against Defendant. It affects Defendant's behavior toward Plaintiff in a way that directly benefits him—by requiring Defendant to pay $750 to Plaintiff—and therefore, meets the standard set out in Farrar. 506 U.S. at 112. Thus, Plaintiff has prevailed in this case.

**B. Plaintiff Is Entitled to a Reduced Award of Attorney's Fees and Costs**

Although Plaintiff is entitled to reasonable attorney's fees as the prevailing party, the Court does not find the requested amount to be reasonable and will reduce the award.

The United States Supreme Court has provided guidance on how to make an initial calculation of reasonable attorney's fees and costs:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which the make an initial estimate of the value of a lawyer's services.

Hensley, 461 U.S. at 433. This initial amount is referred to as the "lodestar." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).

The burden rests with the prevailing party to provide the court with "evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 433. The prevailing party must exercise "billing judgment" and "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434. Hours that are not typically or properly billed to an attorney's own client cannot be billed to an adversary. Id. (citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). Administrative tasks which are not properly billed to one's own client may not be billed to an adversary through a fee petition. Alexander v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 64211, at *19 (E.D. Pa. June 16, 2011) (Slomsky, J.) (citing Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 552 (7th Cir. 1999)).

The district court cannot reduce a fee request sua sponte, but rather, must address specific objections made by the opposing party. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 711 (3d Cir. 2005). The district court is required to respond to these specific objections by conducting "a thorough and searching analysis" of the fee petition. Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001). If the Court identifies hours that were not "reasonably expended," it will disregard them when calculating the lodestar. Hensley, 461 U.S. at 434. But if the prevailing party meets its burden of establishing the reasonableness of hourly rates and number of hours expended, it is presumed the resulting lodestar amount is the reasonable award owed to counsel. Blum v. Stenson, 465 U.S. 886, 897 (1984); Pennsylvania v. Del. Valley Citizens' Council for Clear Air, 478 U.S. 546, 564 (1986).

Determining the lodestar does not end the Court's inquiry; the Court may adjust that amount upward or downward after taking into account other considerations. Hensley, 461 U.S.

at 434. Such considerations are the twelve factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Id. at 434 n.9. The Johnson factors are:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

488 F.2d at 717-19.

The Supreme Court has identified "the results obtained" as "the most critical factor," particularly "where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Hensley, 461 U.S. at 434-35. In a case where it is difficult to "divide the hours expended on a claim-by-claim basis," the district court should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435. Hensley explains:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily

> has discretion in making this equitable judgment. This discretion, however, must
> be exercised in light of the considerations we have identified.

Id. at 436. Furthermore, while Hensley dealt with a fee-shifting civil rights statute, the Supreme Court clarified that "the standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433 n.7.

The instant Petition involves 15 U.S.C. § 1692, a fee shifting statute. Pursuant to § 1692k(a)(3), a prevailing party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." The Court of Appeals for the Third Circuit has determined that an award for attorney's fees under § 1692k(a)(3) is required:

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. See DeJesus v. Banco Popular de P. R., 918 F.2d 232, 235 (1st Cir. 1990).

Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (emphasis added). The Third Circuit notes that only in some "unusual circumstances," such as bad faith on the part of the plaintiff, a court may decline to award a fee altogether. Id. at 114 n.13.

Here, Defendant argues that the fees requested are unreasonable and the award should be reduced. Defendant challenges 3.3 hours of time billed, totaling $694.50, as hours billed for administrative and clerical work. (Doc. No. 31 ¶ 24.) The hours challenged describe tasks such as preparing filing forms, mailing letters, and receiving e-mails. The Court agrees with Defendant that these entries improperly bill for administrative tasks and will exclude them accordingly.

Furthermore, Defendant noted that Plaintiff billed 1.3 hours for his own attorney having to drive to Philadelphia to retrieve a signed copy of Plaintiff's summary judgment affidavit after

Plaintiff himself was unable to deliver it to counsel timely. (Id.) The Court agrees this entry should also be excluded. Plaintiff's counsel was required to make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Plaintiff's counsel, in good faith, should have excluded this trip from its billing entries. Thus, the Court will exclude the challenged 3.3 hours and will deduct $694.50 from the requested $12,964.50. The remaining balance is $12,270.

Additionally, Defendant challenges 34 hours of time billed, totaling $8,954, as hours including work on successful and unsuccessful claims. (Doc. No. 31 ¶¶ 28-29.) In this case, however, it is difficult to segregate the time counsel worked on the successful claim from the time spent on unsegregated claims. The claims arose from the same set of facts and the three claims that went to arbitration were all based on the same statute. Therefore, the Court will follow the precedent set out in Hensley and will not view this lawsuit "as a series of discrete claims." 461 U.S. at 435. Rather, the Court will "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The Court will avoid creating a windfall in this case by taking into account Plaintiff's success on only one claim and the amount of attorney's fees requested relative to the damages awarded. See Sayre v. Customers Bank, No. 14-3740, 2017 WL 3614151, at *5 (E.D. Pa. Aug. 23, 2017) (Slomsky, J.) (holding that a plaintiff who succeeded on 14% of his claims and requested attorney's fees that were more than five times the damages awarded was not entitled to the full amount). In addition to "the results obtained," the Court will take into account the following additional Johnson factors: "the novelty and difficulty of the questions," "preclusion of other employment," "the experience, reputation, and ability of the attorneys," and "undesirability of the case." 488 F.2d at 717-19.

The Court acknowledges that Plaintiff's counsel's firm, Kimmel & Silverman, specializes in consumer protection law and has practiced in this field for over two decades, routinely taking on FDCPA cases.[10] The matter at hand was a standard FDCPA case and involved areas of law within counsel's specialty. Thus, the questions at issue were not novel or especially difficult for Kimmel & Silverman. Moreover, based on the straightforward nature of this matter, it is unlikely Kimmel & Silverman was precluded from handling other cases. Finally, the Court notes these types of cases are not particularly undesirable when considering Kimmel & Silverman's dedication to litigating these matters.

Accordingly, given Kimmel & Silverman's experience and public service in litigating FDCPA cases and Plaintiff's prevailing party status, Plaintiff is entitled to reasonable attorney's fees. But Plaintiff is not entitled to the full amount requested. Plaintiff requests an award that is seventeen times greater than his statutory damages award. Upon consideration of the Johnson factors, the Court will reduce the $12,270 amount by 50% to $6,135. Plaintiff is entitled to $470 in costs. Thus, the total amount to be awarded to Plaintiff is $6,605.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff an award for attorney's fees and costs in the amount of $6,605. An appropriate order follows.

---

[10] In his supporting Memorandum, Plaintiff states, "Kimmel & Silverman only handles consumer related cases and has operated in this way since 1991 . . . ." (Doc. No. 29-1 at 22.); see also Williams v. NCO Fin. Sys., 2011 WL 1791099, at *5 (E.D. Pa. May 11, 2011) (Slomsky, J.) (acknowledging that "the consumer protection litigation field is a specialized one" and Kimmel & Silverman has a "high level of experience" in this field).